# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**October 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**DAVI G.,**
**Respondent Below, Petitioner**

**v.) No. 25-ICA-195**   (Fam. Ct. Jefferson Cnty. Case No. FC-19-2024-D-89)

**SHAWN B.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Davi G. ("Mother")[1] appeals the Family Court of Jefferson County's April 28, 2025, order dismissing her counter-petition for custodial allocation.[2] Respondent Shawn B. ("Father") did not participate in the appeal.[3] The family court dismissed Father's petition for custodial allocation because he failed to pay his share of the guardian ad litem ("GAL") fee. The sole issue on appeal is whether the court erred by also dismissing Mother's counter-petition even though she paid her share of the GAL fee.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the family court's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

The parties, who never married, share two children, born in 2019 and 2022, respectively. On March 25, 2024, Father filed a petition for support and/or allocation of custodial responsibility. On April 10, 2024, Mother filed a reply and counter-petition for

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Mother is represented by Cinda L. Scales, Esq.

[3] We recognize our limited and circumspect review of a family court order in an uncontested appeal, like this one, when the respondent fails to participate on appeal to support the order.

1

custodial and decision-making responsibility. In her counter-petition, Mother requested that she be designated as the primary residential parent with Father having supervised parenting time due to alleged domestic violence by Father. Mother also alleged that Father had relocated to Puerto Rico, did not visit the children for a year, had threatened to take the children to Puerto Rico and never return them, had been dishonorably discharged from the Navy for criminal charges, and that he had a history of substance abuse and mental health issues.

The first hearing was held on January 22, 2025. At that hearing, both parties moved for the appointment of a GAL. Father orally requested 50-50 parenting, but the court denied Father's motion pending the GAL's report and recommendations. Instead, the court granted Father parenting time on Fridays and Sundays from 10:00 a.m. to 6:30 p.m. and ordered him to pay $500 per month in child support. The parties were each ordered to pay $750 toward the GAL's fees. The order was entered on January 23, 2025. The matter was scheduled for a final hearing on May 8, 2025.

On March 24, 2025, the GAL filed a motion to extend the deadline for the filing of her report because Father had not paid his $750 share of GAL fees. On April 2, 2025, the family court entered an order granting the GAL's request for extension and finding Father in contempt for his failure to pay. Father was ordered to pay the GAL $800 within ten days of the entry of the order. The GAL was directed to complete her report by April 23, 2025. On April 22, 2025, the GAL filed a letter with the family court advising that Father had failed to pay the $800 by the deadline and requesting that the court dismiss Father's petition. On April 28, 2025, the family court entered an order dismissing Father's petition and Mother's counter-petition. It is from the April 28, 2025, order that Mother now appeals.

For these matters, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Mother asserts that the family court erred in dismissing her counter-petition due to Father's failure to pay his share of the GAL's fee. We agree. Rule 22(e) of the West Virginia Rules of Practice and Procedure for Family Court states as follows:

> In any action which is pending for more than one year where there has been no order or proceeding, or the petitioner has failed to pay accrued court costs, the court may, in its discretion, order such action to be stricken from its docket; and it shall thereby be discontinued. The court may direct that the order be published in such newspaper named by the court. The court may, on motion, reinstate on its docket any action dismissed under this rule, within one year after entry of the dismissal order; but an order of reinstatement shall not be entered until the accrued costs are paid. Before a court may dismiss an action under this Rule, notice and an opportunity to be heard must be given to all parties of record.

While Father failed to pay his share of the GAL fees as ordered, Mother paid her share, and her counter-petition was still pending before the family court. Therefore, the family court failed to follow the requirements stated in the above-cited Rule.

Accordingly, we reverse that portion of the family court's April 28, 2025, order dismissing Mother's counter-petition. Further, we remand this case to the family court with directions to enter an order reinstating Mother's counter-petition and to hold further proceedings necessary to address the merits of the same. We do not disturb that portion of the family court's order dismissing Father's petition for custodial allocation.

Reversed and Remanded with Directions.

**ISSUED:** October 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White